**UNITED STATES of America**

v.

**Arthur Lee ROBERTS.**

**Crim. No. 81–26.**

United States District Court,
W. D. Pennsylvania.

Nov. 19, 1981.

Bruce J. Teitelbaum, Asst. U. S. Atty., Pittsburgh, Pa., for petitioner.

Wm. Kaczynski, Pittsburgh, Pa., for respondent.

## MEMORANDUM

MARSH, District Judge.

On April 14, 1981, the petitioner, Arthur Lee Roberts, entered a plea of guilty to all counts of a four count indictment charging him with two armed bank robberies in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2. On May 29, 1981, Mr. Roberts received a general sentence of twenty (20) years as to counts 1 and 2, and the same sentence as to counts 3 and 4, to be served concurrently.

This case is before the court on the motions of the petitioner, Arthur Lee Roberts, to vacate or set aside his sentence pursuant to Title 28 U.S.C. § 2255 and his motion for reconsideration of his withdrawal of guilty plea. An evidentiary hearing was held on said motions on Monday, October 19, 1981, at which time the petitioner was permitted to testify and produce evidence in support of his motions. After due consideration of

the proceedings of October 19, 1981, the briefs submitted by counsel for the petitioner in support of his motions, and the entire record of this case, it is the opinion of the court that petitioner's motion to vacate sentence and motion to reconsider this withdrawal of guilty plea should be denied.

On February 24, 1981, an indictment was filed against petitioner charging him with two counts of bank robbery under Title 18 U.S.C. § 2113(a) (counts 1 and 3 of the indictment) and two counts of armed bank robbery pursuant to Title 18 U.S.C. § 2113(d) (counts 2 and 4 of the indictment). At his arraignment on March 3, 1981, the defendant was notified of the contents of a memo of this court dated February 26, 1981 that the trial in this matter would be set for April 6, 1981, at 9:30 a. m. At the arraignment, the defendant pled not guilty to all four counts of the indictment. The defendant was represented by Attorney Robert McClenahan at his arraignment. Prior to the trial, the defendant filed pretrial motions to suppress eyewitness identification as well as motions for discovery and inspection and to compel disclosure of exculpatory material and information and a motion for severance of the defendants in the case and for severance of the respective offenses in the case. Because of the filing of these pretrial motions, an evidentiary hearing on said motions was held on April 8, 1981, at 10:00 a. m. The parties were previously advised by the court that trial would proceed immediately following the hearing on pretrial motions. However, at the hearing, because of a request of the defendant's counsel, trial was set for April 22, 1981 at 9:30 a. m.

As a result of the defendant's motion for discovery, this court made an *in camera* inspection of the investigative notes of law enforcement officials in this case, and an order was entered on April 9, 1981, one day after the day of the hearing, stating that the court found no exculpatory material that the government was bound to release to the defendant under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

At the hearing, the government produced three eyewitnesses who identified the defendant in a lineup. Because of the familiarity of one of these witnesses to the other participants in the lineup, his testimony was suppressed. However, the bank teller and another police officer, Officer Riley Smoot, were permitted to testify and their evidence was not suppressed.

In addition, the court denied the defendant's motion to sever defendants upon the trial of the case and also defendant's motion to sever offenses upon the trial of the case.

On April 9, 1981, one day after the hearing on pretrial motions, the court was advised that the defendant wished to change his plea from not guilty to guilty. It was obvious the defendant decided to plea as a result of the hearing held the previous day. Accordingly, a date for change of plea was set for April 14, 1981 at which time the court took the defendant's plea to all four counts of the indictment as guilty.

In his motion to vacate his sentence, the petitioner has set forth four grounds in support of his motion as follows:

1. Petitioner's plea was involuntary in that he was not made aware of the essential elements of armed bank robbery.

2. Petitioner's plea to double counts of bank robbery and armed bank robbery stemming from the same criminal episode was involuntary since petitioner was never advised that his plea to bank robbery and armed bank robbery arising out of the same criminal episode constitutes double jeopardy.

3. The plea entered by petitioner was involuntary and in violation of petitioner's right to due process of law insofar as the petitioner's plea of guilty was entered without an understanding of the evidence marshalled against him.

4. The petitioner was denied the effective assistance of counsel in that his trial counsel failed to pursue petitioner's claim of alibi, failed to interview his codefendants to determine the exculpatory nature of their testimony, and failed to seek appropriate post-conviction relief on

his behalf in spite of his requests therefor. Petitioner further alleges that his counsel failed to apprise him of the nature and quality of evidence obtained from the government prohibiting petitioner from entering a knowing and intelligent plea of guilty.

Petitioner's trial counsel was called as a witness at the hearing. Counsel testified that he advised the defendant of all of the elements of both robbery and armed bank robbery, and further advised the defendant what was necessary to be proved by the government to establish both offenses. Furthermore, in his plea form, which was adopted as a part of the record of the change of plea hearing (docketed at no. 53), the defendant was asked the following specific questions and gave the following answers thereto:

"8. Have you received a copy of the indictment?

ANSWER: Yes.

"9. Would you like the indictment read to you by the judge?

ANSWER: No.

"10. Has your attorney discussed with you the nature of the charge against you?

ANSWER: Yes."

Furthermore, at the hearing the defendant was asked the following questions and gave the following answers thereto.

"Q. I understand that you have completed this plea form with the advice of your counsel?

A. Yes, sir.

Q. And you signed it?

A. Yes, sir.

Q. Did you understand the questions?

A. Yes, sir.

Q. Do you want to change any of your answers?

A. No."

At a later stage of the proceedings, the court read previous portions of the indictment as follows:

"Q. The indictment charges that you and Debbie Wells and Willie A. McClinton did take $8,279 in money belonging to the People's Bank of Western Pennsylvania in New Castle. Did you do that?

A. Yes, sir."

Further on the question is asked:

"Q. And on the 23rd day of January, 1981, you and Debbie Wells did steal $8,423 in money belonging to the McDowell National Bank, Farrell Branch, in Farrell, Pennsylvania. Did you do that?

A. Yes."

The court further asked the defendant questions concerning whether or not he specifically had a gun at the time of the first and second robberies, and it was established that a co-defendant, Debbie Wells, had the gun.

The questions concerning the use of the gun were specifically asked of the defendant to impress upon him the importance of the use of a gun in connection with a bank robbery.

Furthermore, there was testimony by Attorney McClenahan that he had advised the defendant prior to trial in discussions with him concerning the factors involving an aider and abettor, and that the fact that he did not have the gun was not important as long as a co-defendant did have a weapon which was being used in the commission of the offenses.[1]

Attorney McClenahan also testified that the decision was made concerning a change of plea immediately following the hearing on pretrial motions at which time the defendant found out that there were at least two eyewitnesses who could identify him and also was apprised of the fact that neither the defendants would be severed from the case nor would the different counts of bank robbery be severed. The fact that the

---

1. Attorney McClenahan also testified that there was no question to the operability of the gun since he had received prior to trial a police report showing that the gun operated upon test firing. He also testified that it was established that the gun was loaded at the time of the commission of the offenses.

decision to change the plea was made on April 9 is substantiated by this court's notice dated April 9, 1981 advising counsel that a change of plea hearing would take place at 2:00 p. m. on Tuesday, April 14, 1981.

It is this court's opinion that upon reviewing the evidence presented at the hearing of this matter as well as the entire record of this case including the court's personal files and the transcript of the change of plea proceedings as well as the plea form (document no. 53) which was filled out and signed both by the defendant and his counsel and made part of the record, that there is no question as to the voluntariness of the change of plea with respect to the defendant, Roberts. It is further the opinion of the court that the defendant's trial counsel, Robert McClenahan, clearly did not violate the standard for effective assistance of counsel as set forth by the Third Circuit Court of Appeals in the case of *Moore v. U. S.*, 432 F.2d 730, 737 (3rd Cir. 1970) and its progeny.

We find no prejudice to the petitioner in that his sentence was appropriate if he were only charged with bank robbery under 18 U.S.C. § 2113(a).

An appropriate order will be entered.